CHARLES ANDERSON v. ROBERTS-KARP HOTEL COMPANY
AND ANOTHER.[1]

June 3, 1927.

No. 25,994.

**How compensation is computed for janitor injured while working for separate employers.**

1. Where an employe, who performs services as porter or janitor for two or more independent employers who are under the compensation act, sustains a compensable injury in the service of one of such employers, he is entitled to compensation from such employer based on his total regular earnings as such porter or janitor.

**Word "employment" as used in statute.**

2. The term employment as used in G. S. 1923, § 4325, means the particular kind of employment in which the employe was engaged at the time of the accident.

Workmen's Compensation Acts—C. J. p. 90 n. 26.

Certiorari to review an award made by the industrial commission under the workmen's compensation act. Affirmed.

*Campbell & Burness*, for relators.

*Joseph Harkness, Jr.*, for respondent.

TAYLOR, C.

Certiorari to review an award made by the industrial commission under the workmen's compensation law.

The claimant was employed as night porter in a hotel in the city of Mankato at $90 per month, which was the usual pay for such work. He sustained an injury for which he was allowed and received compensation for a period of 125 weeks on the basis that his earnings were $90 per month. His hospital and doctor's bills were also paid. Thereafter he made an application to vacate the award and for a rehearing which was submitted on a stipulated statement of facts. The stipulation shows that the claimant while working

[1]Reported in 214 N. W. 265.

for the hotel company also performed similar services for an independant employer not connected with that company, for which he received the sum of $17 per month; and that both employers were under the compensation act. The commission granted the rehearing, and on the stipulated facts awarded compensation on the basis that the claimant's earnings were $107 per month, the total of the amount received from both employers. Whether the compensation should be based on the total earnings of the claimant or on his earnings in the service in which he sustained his injury is the question presented.

The statute does not specifically define the rights of a workman in such a situation. Section 4277, G. S. 1923, provides for the case where a workman is employed and paid jointly by two or more employers subject to the act, and also for the case where he is employed and paid jointly by two or more employers only a part of whom are subject to the act; but the claimant is not within this provision for he was not employed or paid jointly by the two employers. Section 4325, G. S. 1923, provides:

" 'Daily wage' as used in this act shall mean the daily wage of the employe in the employment in which he was engaged at the time of the injury, and if at the time of the injury the employe is working on part time for the day, his daily wage shall be arrived at by dividing the amount received or to be received by him for such part time service for the day by the number of hours of such part time service and multiplying the result by the number of hours of the normal working day for the employment involved."

This seems to be the only provision which applies to the present case; and what the legislature intended by the expression, "daily wage of the employe in the employment in which he was engaged at the time of the injury," as applied to a case in which the workman performs similar services for two or more independent employers giving a part of his time to each is not entirely clear. Other courts confronted by a similar problem have held that it means the aggregate of his usual earnings in the kind of work in which he was engaged at the time of the injury; that the term employment as there

used means the particular trade, occupation, or business in which he was then engaged.

In re Howard, 71 Ind. App. 557, 125 N. E. 215, involved the construction of a statute practically identical with ours. A janitor, employed as such by three different persons under separate contracts, while washing a window for one of his employers fell and sustained injuries resulting in his death. It was held that compensation should be based on his total earnings in his employment of janitor, and not on the amount received from the individual employer for whom he was working at the time of the accident.

In Western Metal Supply Co. v. Pillsbury, 172 Cal. 407, 156 Pac. 491, Ann. Cas. 1917E, 390, a watchman employed as such under separate contracts with the owners of different buildings was killed by burglars whom he caught attempting to break into one of the buildings. It was held that the compensation to his dependents should be measured by his total earnings as such watchman.

In Gillen's Case, 215 Mass. 96, 102 N. E. 346, L. R. A. 1916A, 371, a longshoreman who worked for different independent employers was injured, and the court said that his compensation should be based on his normal weekly earnings as such longshoreman from all sources, and not on the amount received from the particular employer in whose service the accident happened.

Industrial commissions generally have given the same construction to such provisions.

The purpose of the statute is to give compensation for loss of earning power "caused * * * by accident arising out of and in the course of [the] employment." Where a workman who works under separate contracts for different independent employers is injured while working for a particular employer, he has no recourse against the other employers for the injury did not arise out of any service performed for them. There is force in the argument that the liability of an employer under the act ought to be measured by the amount earned in the work performed for him, and not by the amounts earned in work performed for others with whom he has no connection. But the disability was incurred in his service.

The statute intends that the workman shall receive the prescribed compensation for the loss of earnings resulting therefrom. If such an employer is liable for only a part of such compensation, the workman must lose the remainder. The statute provides that where an employe who works only a part of the day is injured, he shall receive compensation on the same basis as if he had been working full time at the same rate of pay. Under that provision the compensation is not based on the amount actually received by the workman, but on the amount of his normal earnings in that employment.

We think it was the purpose and intent of the legislature that the compensation in cases like that here presented should be based on the amount earned by the employe in the particular calling or kind of employment in which he was engaged when injured. If in such a case the amount recoverable were to be measured by the wage received from the particular employer in whose services the injury was sustained, the employe would receive no compensation for the loss of earnings resulting from his inability to perform in the future the services which he had previously performed for other employers. The theory of the statute is opposed to such a result. We think the commission reached the correct conclusion and the award is affirmed.