## CONTINENTAL CASUALTY CO. *et al. v.* HAYNIE.

No. 11073. MAY 14, 1936. REHEARING DENIED JULY 3, 1936.

*Neely, Marshall & Greene,* for plaintiff in error.
*Don K. Johnston,* contra.

HUTCHESON, Justice. This case comes before this court on the grant of a writ of certiorari. 51 *Ga. App.* 650 (181 S. E. 126). Under the assignments of error two questions are presented for decision by this court.

One question is raised by an assignment of error on that portion of the decision of the Court of Appeals from the beginning of the opinion through division 5, the pertinent portion of which is as follows: "Any person whose employment is not in the usual course of a trade, business, profession, or occupation of his em-

ployer, or is not incidental thereto, is excluded from the right to compensation under the express provisions of the workmen's compensation law of this State. Under section 2(b) of the compensation act (Code of 1933, § 114-101), an 'employee' includes 'every person in the service of another under any contract of hire . . written or implied, except one whose employment is not in the usual course of the trade, business, occupation, or profession of the employer.' Under section 15 (Code of 1933, § 114-107), the exclusion from the act applies only to 'employees . . not in the usual course of trade, business, occupation, or profession of the employer or not incidental thereto.' Ga. Laws 1920, pp. 167, 177; Ga. Laws 1925, pp. 282, 283. (a) Therefore a carpenter who is engaged with others to aid in the alteration, repair, and enlargement of the offices of a corporation doing a dairy business, which offices are essential to the successful carrying on of such trade or business in an efficient and modern manner, and who will not be retained after the completion of such carpenter work, comes within the workmen's compensation act as an 'employee' in the service of the dairy corporation, whose employment is 'in the usual course of the trade, business, . . of the employer' or 'incidental thereto.' " It is contended by the petitioners in certiorari that said decision is contrary to §§ 114-101, 114-107, supra; that it gives to the Department of Industrial Relations jurisdiction over employees whose employment is not in the usual course of the trade, business, occupation, or profession of the employer, and jurisdiction over persons and subject-matter which are specifically made exempt. We can not agree to these contentions. We are of the opinion that the Court of Appeals correctly construed and applied sections 2(b) and 15 of the workmen's compensation act.

■ The second question is presented by an assignment of error on the following portion of the decision of the Court of Appeals: "The plaintiff in error contends that 'even if Mr. Haynie were considered an employee in the usual course of the trade, business, occupation of the Foremost Dairies Inc., his injury was confined to a specific member, such as is provided for in section 32 of the Georgia workmen's compensation act, as amended by Laws 1923, p. 95, sec. 3 (Code of 1933, § 114-406), and that as a consequence the Department of Industrial Relations did not have the power

or authority to make an award at the total-disability rate in excess of the ten-weeks healing period.' This contention was decided adversely to the plaintiff in error in *Liberty Mutual Insurance Co. v. Clay,* 180 *Ga.* 294 (178 S. E. 736)." It is contended that this decision of the Court of Appeals is error in that it misconceives and misconstrues the ruling made by this court in *Liberty Mutual Insurance Co. v. Clay,* supra; that it does not give force and effect to the ruling made by this court therein; that the facts in the present case distinguish it from the *Clay* case, in that in the present case petitioners are ordered to pay compensation as for a total loss of use of the leg, although the evidence showed that the claimant would ultimately have not more than a twenty-five per cent. total disability.

In *Liberty Mutual Insurance Co. v. Clay,* supra, this court said: "It is insisted by the petitioners in certiorari that no award for an injury to a specific member can be made by the Department of Industrial Relations before maximum improvement has been reached. We can not agree with this contention. Section 32 refers to 'permanent partial industrial handicap'; but the use of the word 'permanent' does not mean that compensation for an injury to a specific member must be fixed on the basis of the ultimate condition. Section 32 must be considered in connection with section 45, relating to a change in condition, and thus the word 'permanent' is necessarily qualified by the provisions of the last-mentioned section. . . Upon this question we agree with the following statement by the Court of Appeals in *Travelers Insurance Co. v. Reid,* 49 *Ga. App.* 317 (175 S. E. 414): 'Total loss of use of such member is equivalent to the loss of such member, and compensation for such total loss of use shall, even after the ten-weeks healing time, be continued under section 32 until there shall be a permanent or partial recovery of the use, at which time compensation should be reduced proportionately to the recovery of the use of such member, under section 45.' " This opinion by Justice Bell was concurred in by a full bench. It decides the identical question presented by the petition for certiorari in this case, and is conclusive thereon. The claimant "would be entitled to compensation according to his actual condition, to be determined from time to time by the industrial commission upon application . . for a readjustment of compensation upon the ground of a

change in condition." *Liberty Mutual Insurance Co.* v. *Clay,* supra. The commission, at a hearing approximately sixteen weeks after the injury to the claimant, having found that he was totally disabled, the Court of Appeals and this court are bound by such finding, if such finding is supported by the evidence. While it is not incumbent upon this court to determine questions of fact upon writ of certiorari, we do not deem it improper to say that the evidence supported the finding of the commission, if it did not demand it. The Court of Appeals did not err in its construction and application of the case of *Liberty Mutual Insurance Co.* v. *Clay* to the present case.

*Judgment affirmed. All the Justices concur, except* GILBERT, Justice, who dissents from the ruling made in the first headnote; and it necessarily follows that this dissent is from any ruling on the second question.