33093. NEW AMSTERDAM CASUALTY CO. et al. v. BROWN.

Decided June 7, 1950.   Rphearing denied June 21, 1950.

792

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* for plaintiffs in error.

*Benjamin Zeesman,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first question for decision is whether the director erred in entering an award allowing compensation at a stated sum per week for "temporary total disability beginning 7 days after the

date of injury and continuing during the period of disability." Code (Ann. Supp.) § 114-404 provides as follows: "When the incapacity to work resulting from an injury is total, the employer shall pay or cause to be paid, as hereinafter provided for, to the employee during such total incapacity a weekly compensation equal to one-half of his average wages . . and in no case shall the period covered by such compensation be greater than 350 weeks, nor shall the total amount of compensation exceed $7,000." This section is inapplicable to any injury included in the schedule of specific injuries set out in § 114-406, compensation for which, in the amounts provided therein, is in lieu of any other compensation. However, Code § 114-406 does provide for the payment of compensation during a ten-week healing period where total incapacity to work exists for that long a time. In addition thereto, the loss of a leg, scheduled in subsection (o) thereof, is compensable at the rate of 50% of the average weekly wages for a period not exceeding 175 weeks. This section also provides that total loss of use of a member shall be considered as equivalent to the loss of such member. The claimant lost the use of his leg due to the injury to his knee. Therefore, under § 114-406, he was entitled to 50% of his average weekly wage for a period of ten weeks beginning 7 days after the injury. Thereafter, under the agreement, he was entitled to a maximum of 50% of his average weekly wages for 175 weeks, providing the leg remained totally incapacitated for that length of time. On the other hand, if an application is filed for a hearing based on an alleged change of condition prior to the expiration of the period, the board may, after hearing, change the award as authorized by the evidence adduced at such hearing. Until such a hearing, however, the obligation to pay one half of the claimant's average weekly wages under the agreement signed by all parties and approved by the board is binding upon the parties thereto. See Code, §§ 114-106, 114-705.

The award of the director here, based on the agreement as modified after stipulation of facts and hearing, must be construed as authorized by Code § 114-406, the first ten weeks thereof for the healing period and subsequent payments to apply on the maximum of 175 weeks. See *Travelers Insurance Co.* v. *Reid*, 49 *Ga. App.* 317 (supra); *Travelers Insurance Co.*

v. *Reid*, 178 Ga. 399 (2) (173 S. E. 376); *London Guarantee & Accident Co.* v. *Ritchey*, 53 *Ga. App.* 628 (186 S. E. 863); *Roddy* v. *Hartford Accident & Ind. Co.*, 65 *Ga. App.* 632 (16 S. E. 2d, 81); *Liberty Mutual Insurance Co.* v. *Clay*, 180 *Ga.* 294, 297 (178 S. E. 736). The defendant in error insists that an award for temporary total disability for a period of longer than ten weeks is authorized in *Continental Casualty Co.* v. *Haynie*, 182 *Ga.* 608 (supra), as provided by Code § 114-404. However, the statement in the latter case that the Board of Workmen's Compensation has the power and authority to make an award at the total disability *rate* in excess of the ten-weeks period means total disability of the member under Code § 114-406 (sec. 32 of the Workmen's Compensation Act of 1923) and it is specifically pointed out that in that case the petitioners were ordered "to pay compensation for total loss of use of the leg." It is noted that by either method the weekly amount would be the same, in that it would be one half of the average weekly wage of the employee, but the director should have specified in his award that, following the allowance of ten weeks' compensation for total temporary disability during the healing period, all further payments of compensation are to be applied under the schedule relating to loss of use of specific members. This affects the ultimate compensation only in the event that total disability of the member should continue for a period exceeding 175 weeks.

■ ■ As to the second contention of counsel for the employer, which is that compensation should be computed under subsection 1 of Code (Ann. Supp.) § 114-402 instead of subsection 3 thereof. Subsection 1 of said section provides as follows: "If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said 13 weeks."

This question involves a construction of the words "during substantially the whole of 13 weeks," and, so far as we have been able to find, the question has not arisen before in this State. Counsel for the employer contends that "The word 'sub-

stantially' has nothing to do with how much an employee works each week or each day, but solely whether the weeks or days of his work have extended during a calendar period substantially as long as thirteen weeks." We agree with this contention to the extent that it must certainly be shown that the employee worked during a calendar period of substantially thirteen weeks. But it cannot be said that he worked during substantially thirteen weeks when the record shows that out of that period there were three weeks in which he did not work at all, one week in which he worked one day, two weeks in which he worked two days each, and so on.

The workmen's compensation laws of our several States vary greatly, but they often contain provisions of striking similiarity. Under Texas law, for example (Vernon's Ann. Civ. St., art. 8309, sec. 1., subsec. 1) the following provision was enacted: "If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of 300 times the average daily wage or salary which he shall have earned in such employment during the days when so employed." The wording of this statute is very close to that of Code (Ann. Supp.) § 114-402(1), with the exception that the words "substantially the whole of the year" appear instead of "substantially the whole of 13 weeks." The court held, in Texas Indemnity Ins. Co. v. Head, 89 S. W. 2d, 283 (Tex. Civ. App.), as follows: "We are further of the opinion that substantially a year, within the meaning of subdivisions 1 and 2, is exactly 300 days, or close to, or near to 300 days. It may be slightly more than 300 days or slightly less than 300 days. That is to say, substantially a year means a year or about a year, or so near a year as to be a year for all practical purposes." It was further held that, where the work year of a particular employee, as fixed by statute, consisted of a 4½ day week, or a total of 234 days worked, such work did not constitute "substantially a year" within the meaning of the statute. It will be observed that there, as here, the lack of work was no fault of either the employee or the employer. In that case it was restricted by law; in this case it was restricted by weather conditions and short-

ages. The words "substantially during the whole year" were similarly construed in Hammann *v.* Industrial Comm. of Wis. 216 Wis. 572 (257 N. W. 612), the court holding that the provision embodying this phrase was not applicable to an employee whose work was not continuous within the year. A man who has worked a full work week for not more than 2 of the thirteen weeks, and has not worked at all during three of those weeks, cannot be held to have worked during substantially the whole of thirteen weeks, and the director correctly refused to use subsection 1 of Code (Ann. Supp.) § 114-402 as a yardstick for determining average weekly wage.

■ The director further found correctly that subsection 2 of Code (Ann. Supp.) § 114-402 was not applicable in that there was no other employee of the employer who had worked during substantially the whole of thirteen weeks, due to the same factors of shortages of material and weather conditions. He was, in consequence, left with no alternative under our statute but to base his award upon subsection 3 thereof, which provides as follows: "If either of the foregoing methods cannot reasonably and fairly be applied the full time weekly wage of the injured employee shall be used." In arriving at the benefit figure under this subsection, the director found as follows: "It appears from this employee's work record set out above that a full working day consisted of 9½ hours at 60 cents per hour and that a full work week consisted of 6 days. I, therefore, find as a matter of fact that this employee's full time weekly wage is $34.50."

There is no evidence in the record before us upon which this finding may be substantiated. The work record for seventeen weeks preceding the injury, as to this claimant, shows that in the only week in which he worked six days, he worked a half day, and not a full day, on Saturday, and that in no other week did he work at all on Saturday. The testimony of the superintendent of the employer was that if work was done on Saturday it was because work was lost during the weekdays or overtime work if they had to. The employee's attorney stipulated that a work week consisted of 50 hours. A finding, therefore, is demanded that the full-time weekly wage of the injured employee, computed under Code (Ann. Supp.) § 114-406 (3), was a 50 hour week at the rate of $.60 per hour, or $30.

The judgment of the superior court affirming the award of the Board of Workmen's Compensation is therefore affirmed with direction that the superior court enter a proper judgment in accordance with this opinion, and that the same be credited with payments already made.

*Judgment affirmed with direction. MacIntyre, P.J., and Gardner, J., concur.*