34732.   ST PAUL-MERCURY INDEMNITY CO. *et al.*
*v.* IDOV.

Decided July 14, 1953—Rehearing denied July 30, 1953.

*A. Ed Lane, Jr., Hugh E. Wright, Moise, Post & Gardner,* for plaintiffs in error.

*White, Douglas & Arnold, W. Frank Lawson,* contra.

TOWNSEND, J. The sole issue in this case is the proper computation of the average weekly wages of the deceased employee. The method of computing compensation under Code (Ann. Supp.) § 114-402 is to determine the average weekly wage as follows: "1. If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said 13 weeks. 2. If the injured employee shall not have worked in such employment during substantially the whole of 13 weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such 13 weeks shall be used in making the determination under the preceding paragraph." Since the deceased employee had worked for more than 13 weeks in each of the jobs he held at the time he was killed, and since the second provision of Code § 114-402 may be used only if the first is inapplicable, the average weekly wages must be determined under the first subsection thereof. It then remains to be determined: (1) whether the employee was concurrently engaged in similar employment in each position; and (2) if so, whether the "concurrent similar employment" doctrine should be applied under the terms of the Georgia Workmen's Compensation Act. The employee was engaged in each occupation as a retail sales clerk. His duties were the same—to sell items at retail to customers. In two jobs he sold liquor; in the third he sold clothing. There is nothing connected with a clothing store which would make it a more hazardous occupation than that of selling liquor, so far as appears from the record. The employee may therefore be said to have been steadily and concurrently engaged in three jobs, the total of which represented one employment, that of retail salesman, and the sum of his

salaries in these three positions constituted his average weekly wages and established his total earning capacity at that time. The mere fact that the total hours worked per week—double the time of the average worker—represent an incredibly long working day would have no significance, for a workman might (especially in factories working three shifts around the clock) make as much or more by means of overtime work, which would be compensable. In *Carter* v. *Ocean Accident &c. Corp.*, 190 *Ga.* 857, 860 (11 S. E. 2d 16), it was held: "The courts are not concerned with whether the employee receives more compensation than his wages total. . . The one high aim constituting the foundation of this law is compensation for an injured employee in proportion to his loss on account of the injury. That loss is deprivation of future earnings, and is measured by his proved earning capacity. It of necessity looks to the future. Under the statute authority is given to consider the past only in so far as it reveals a regular earning capacity. We think the fairest yardstick by which his compensation to cover his injury can be measured is what he was able to earn and was actually earning when the misfortune came upon him. Good workmen look to the future with hope of advancement and increased earnings, and the loss sustained by the employee is deprivation of future earnings on the basis of his earning capacity as demonstrated by the regular wage received at the time of the accident." Although this case was written in interpretation of a former statute, and although the present yardstick is now the "average weekly wage" rather than the "regular wage," the language is pertinent and aptly illustrates the spirit of the law. It cannot be doubted that, at the time of his death, this employee's earning capacity was the total of his wages from the three jobs he was doing, just as, in the *Carter* case, the employee's earning capacity was what he would have earned had he been permitted to work full time, rather than the wage received for part-time employment.

Counsel for the defendant in error has ably briefed the statutes and decisions of other states in support of the contention that the employee's earnings, where he is concurrently engaged in similar employment for two or more employers, is the total of the salaries received from each of them. Eight states having similar statutes have adopted this doctrine. Western Metal Sup-

ply Co. *v.* Pillsbury, 172 Cal. 407 (156 Pac. 491); Moochler *v.* A. H. Herrick & Son, 247 App. Div. 841 (286 N.Y.S. 397); Mc-Dowell *v.* Flatbush Congregational Church, 252 App. Div. 799 (298 N.Y.S. 892, 13 N. E. 2d 462); In re Howard, 71 Ind. App. 557 (125 N. E. 215); Anderson *v.* Roberts-Karp Hotel Co., 171 Minn. 402 (214 N. W. 265); Bamberger Electric R. Co. *v.* Industrial Commission of Utah, 59 Utah 257 (203 Pac. 345); Wells *v.* Industrial Commission, 63 Ariz. 264 (161 Pac. 2d 113); Geneva-Pearl Oil & Gas Co. *v.* Hickman, 147 Okla. 283 (296 Pac. 954); Fidelity Union Casualty Co. *v.* Carey (Tex. Civ. App.) 38 S. W. 2d 169. Five states have refused to follow this doctrine: DeAsis *v.* Fram Corp. (R.I.) (81 Atl. 2d 280); Buehler *v.* University of Mich., 277 Mich. 648 (270 N. W. 171); Black Star Coal Co. *v.* Hall, 257 Ky. 481 (78 S. W. 2d 343); Quebec's Case, 247 Mass. 80 (141 N. E. 582); Odom *v.* Galloway Coal Co., 223 Ala. 118 (134 So. 855). None of the statutes construed in these latter cases contained the language "whether for the same or another employer" in referring to the employment upon which compensation should be based, and at least one of the cases bases its distinction upon this ground. Thus there is respectable authority on both sides of the question; but it appears to us that not only the greater weight, but the interpretation more in keeping with the liberal construction awarded uniformly to the Workmen's Compensation Act in this State, demands that we give to this statute the construction placed on it by the full board, which allows to the employee's dependents, or to the employee if he is injured, compensation in direct relation to his earning capacity at the time of the accident. As was stated in Wells *v.* Industrial Commission, supra: "Where an employee is working for several different employers and is injured, in order that he may be reasonably compensated for the loss of his earning powers, his total wages must be taken into consideration. Any other construction of the statute would result in great injustice and lead to absurdities."

The concurrent similar employment doctrine is applied only where the accident arises out of and in the course of the employment while the employee is engaged for an employer subject to the provisions of the Workmen's Compensation Law, and his

concurrent work must be similar in character to the work in the course of which the accident was sustained.

The judge of the superior court properly affirmed the award.

*Judgment affirmed.   Gardner, P. J., and Carlisle, J., concur.*