### 43773. BENTON v. UNITED STATES CASUALTY COMPANY et al.

EBERHARDT, Judge. The appellant-employee suffered a broken heel while in the course of his employment, for which the employer and employee entered into an agreement for the payment of compensation for the specific member injury to his foot under *Code Ann.* § 114-406. Compensation was paid thereunder until the employer requested a hearing and adjustment of the compensation on the ground of a change in condition—improvement in the condition of his foot. At the same time the employee requested a hearing on change in condition, contending that by reason of the injury to his foot, which caused a change in his manner of walking, he had suffered a super-added injury to his leg and to his back.

The single director found that there had been an improvement in the condition of the employee's foot, that there had been no super-added injuries, and awarded a reduction in the compensation payments based upon a 45 percent loss of use of the foot.

On appeal the full board set aside the award of the single director and entered a finding of a super-added injury to the low back by reason of his limp and awkward posture and gait in walking, concluded that he had become totally disabled, and

awarded compensation under *Code Ann.* § 114-404 for total disability until there should be a change in his condition, but not to exceed in the aggregate 400 weeks, with credit for the weeks already paid.

The employee appealed to the superior court, contending that he should have received an award of compensation for total disability under *Code Ann.* § 114-404 for 400 weeks, without any consideration for the weeks during which compensation had theretofore been paid for specific member injury under *Code Ann.* § 114-406, and that he should have been awarded additionally the full specific member award for loss of use of his foot, and for loss of use of his leg.

From a judgment affirming the award of the full board the employee appeals. *Held:*

We affirm. The employee has suffered only one accident, and the limit of compensation to which he is entitled is spelled out in *Code Ann.* § 114-404. Payments of compensation for specific member injuries are "in lieu of all other compensation," and if payment for the injury to his foot were to be continued he could not, at the same time, collect compensation for total disability. His compensation would be substantially less. *Clark v. Liberty Mut. Ins. Co.,* 108 Ga. App. 806 (134 SE2d 534).

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

ARGUED JULY 1, 1968—DECIDED NOVEMBER 18, 1968—REHEARING DENIED DECEMBER 6, 1968—

*William O. Carter,* for appellant.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for appellees.