## 45509. WALKER v. WALKER.

HALL, Presiding Judge. Plaintiff in an action against her husband for the wrongful death of her son appeals from the order dismissing the action.

1. The General Assembly of Georgia did not authorize an action under *Code Ann.* § 105-1307 by a wife against her husband for the wrongful death of her child. *Chastain v. Chastain,* 50 Ga.

App. 241 (177 SE 828); *Heyman v. Heyman,* 19 Ga. App. 634 (92 SE 25); *Bulloch v. Bulloch,* 45 Ga. App. 1 (163 SE 708); *Harrell v. Gardner,* 115 Ga. App. 171 (154 SE2d 265); and *Horton v. Brown,* 117 Ga. App. 47 (159 SE2d 489), cert. den. 117 Ga. App. 879. While in *Horton* four judges of this court dissented to the holding that children could not sue their step-father for the wrongful death of their mother, all nine judges agreed that under *Chastain* and *Harrell* a wife cannot sue her husband under the wrongful death statutes. *Horton,* supra, pp. 54, 55.

2. The appellant asks this court to re-examine the holdings in *Chastain* and the above cases. It is true that "stare decisis" is a matter of judicial policy rather than judicial power. In this regard the common law is not immutable, but flexible, and upon its own principles adapts itself to varying conditions. However, even those who regard "stare decisis" with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute. Once the court interprets the statute, "the interpretation . . . has become an integral part of the statute." Gulf C. & S. F. R. Co. v. Moser, 275 U. S. 133, 136 (48 SC 49, 72 LE 200); Winters v. New York, 333 U. S. 507, 514 (68 SC 665, 92 LE 840). This having been done, any subsequent "reinterpretation" would be no different in effect from a judicial alteration of language that the General Assembly itself placed in the statute. The principle is "particularly applicable where an amendment is presented to the legislature and . . . the statute is amended in other particulars." 50 AmJur 319, Statutes, § 326. While the wrongful death acts have been amended numerous times in the thirty-eight years subsequent to the *Chastain* decision, the interpretation that a wife cannot sue her husband has never been changed.

*Judgment affirmed. Deen and Evans, JJ., concur in Division 1 and in the judgment.*

ARGUED SEPTEMBER 15, 1970—DECIDED SEPTEMBER 30, 1970.

*Carl P. Savage, Jr.,* for appellant.

*Jones, Cork, Miller & Benton, E. Bruce Benton, George T. Williams,* for appellee.