## 45429.   BLACK v. AMERICAN & FOREIGN INSURANCE COMPANY et al.

EBERHARDT, Judge. Claimant was employed by Advocate Press, a printing firm at Franklin Springs, on a full-time weekly basis from Monday through Friday at a wage of $100 per week as the supervisor of its finishing department, where he supervised three regular workers and other part-time help. He supervised the operation of the stitcher, folder and cutter, the packaging of the finished materials and sending them out, and did some of the work himself. The packaged materials were carried to the Post Office each afternoon just before five o'clock. Occasionally packages were delivered by claimant to the customer by company automobile.

He also worked regularly but part-time, a portion of two days each week, for American Courier Corporation of Atlanta, earning an average weekly wage of $32.70, where his duties were the driving of an automobile on a regular route in Athens and vicinity to pick up business records and take them in to the company's Atlanta office. These were sealed packages of checks and records, usually in envelopes but sometimes in larger packages.

While on the route for American Courier November 16, 1968, he dozed at the wheel and the car he was driving went into the ditch against an embankment, and he asserts that his back and arms were injured.

Because of his injuries he was unable to work on either job from November 16, 1968, until January 2, 1969, when he returned to

his job with the Advocate Press full-time and at an increase in pay of $10 per week. He returned to work January 3, 1969, on the route for American Courier, working more time than he had been devoting to that prior to his injury, but after some three or four weeks and on the advice of his physician he gave up the Courier job because his injuries made the driving of the car and the lifting of packages required on the route too much for him.

He has a long history of arthritic trouble with his back, for which he has had medical and chiropractic treatments.

On a hearing of his claim against American Courier to determine the matters of whether the employee had suffered compensable injuries and the extent thereof, claimant sought to have the "concurrent similar employment doctrine" applied in determining the amount of his entitlement as compensation, but the hearing director found that the similarity in the types of work done for the two employers was not sufficient to authorize application of it. Compensation for partial loss of use of his arms was awarded based upon his earnings with American Courier and upon total disability from November 16, 1968, to January 2, 1969, when he returned to work, and thereafter upon the basis of a 25 percent loss of use in his left arm and 35 percent loss of use in the right arm. Upon appeal to the full board the findings of fact and the award of the hearing director were adopted, and on appeal to the superior court the award was affirmed.

1. The finding that the similarity of claimant's duties with the two employers was insufficient to authorize the application of the "concurrent similar employment doctrine" (see *St. Paul-Mercury Indem. Co. v. Idov,* 88 Ga. App. 697 (77 SE2d 327), and see opinion dismissing certiorari in 210 Ga. 256 (78 SE2d 799)) was authorized by the evidence. There is no claim here against Advocate Press, and if there were the evidence demanded a finding that claimant's injuries did not arise out of or in the course of his employment with it. Accordingly, the award was properly made upon the basis of wages earned as an employee of American Courier. *Code Ann.* § 114-402.

2. "Employment" as used in *Code Ann.* § 114-402 (1) means the

type or kind of employment, such as that of janitor, baker, truck driver, etc. It refers to the particular calling or kind of employment in which claimant was engaged at the time of his injury. In Re Howard, 71 Ind. App. 557 (125 NE 215); Anderson v. Roberts-Karp Hotel Co., 171 Minn. 402 (214 NW 265), each cited with approval in *St. Paul-Mercury Indem. Co. v. Idov*, 88 Ga. App. 697, supra. Here claimant had been working regularly as a route or pick-up man for American Courier for about a year prior to his injury, doing the same work. That was the "employment" in which he was engaged "at the time of his injury." A different employment with the Advocate Press in which he was not so engaged at the time, but in which he was engaged at other times, is not the statutory standard to be applied, and wages which he may have earned in that are not to be considered in determining the amount of the award.

3. It appears that American Courier had four categories of employees who worked the routes. The first category was that of a supervisor whose duties included the supervision and direction of other route men. The second was that of a full-time courier whos duties regularly required 32 or more hours of work each week. The third was that of a part-time courier whose duties regularly required less than 32 hours of work each week, and the fourth category was that of a substitute courier whose work and hours were irregular, consisting of substituting on the routes for employees who became ill or who, for other reasons, might be off from work. The pay scale was different in each category, all being paid on an hourly basis. Mr. Black was a part-time courier and by his testimony as well as that of his employer his work week regularly consisted of making pick-ups on the route twice each week, and this required an average of about 16½ hours per week. Counsel stipulated at the opening of the hearing that his average weekly wage with American Courier was $32.70[1] This stipulation was binding upon the parties, and the board was authorized to base its award thereon. *McCord v. Employers Liability Assur. Corp.*, 96 Ga. App. 35 (99

---

[1]Evidence concerning claimant's earnings on the job with American Courier was entirely consistent with the stipulation.

SE2d 327); *Tigue v. American Mut. Liab. Ins. Co.*, 108 Ga. App. 723 (134 SE2d 525); *Lavender v. Zurich Ins. Co.*, 110 Ga. App. 196 (138 SE2d 118). Since the evidence was consistent with the stipulation as to claimant's earnings from his job with American Courier it is immaterial whether the finding be grounded upon the stipulation or the evidence.

Furthermore, both claimant and the employer's manager testified that he was a part-time employee. For about three weeks after he returned to work in January claimant devoted better than 40 hours per week to the job, but both claimant and the employer explained that this resulted from his voluntary taking on the additional work as a temporary substitute for a courier who was then confined to the hospital. "Where wages are paid on an hourly basis, the full-time weekly wage is the wage per hour multiplied by the number of hours shown by the evidence to constitute a full-time work week for such employee under his contract of employment." *New Amsterdam Cas. Co. v. Brown,* 81 Ga. App. 790 (2b) (60 SE2d 245). Since Black had a regular work week with American Courier of 16½ to 17 hours, consideration of evidence as to what an employee of that company in another category made each week would have been improper. *Carter v. Ocean Accident &c. Corp.,* 190 Ga. 857 (11 SE2d 16), does not require a different result. See *Federated Mut. &c. Ins. Co. v. Elliott,* 88 Ga. App. 266, 271 (76 SE2d 568), cert. den., in which *New Amsterdam* was followed. It is to be noted that in *Carter* the Supreme Court asserted at p. 858 that "If a regular wage has been established and the employee is receiving it on the date of the accident, then that, and no other, is the basis on which compensation must be computed." The board has followed this admonition.

4. The award of compensation based upon a partial permanent handicap in the partial loss of use of his arms was made under the provisions of *Code Ann.* § 114-406, and this award was authorized by the evidence. Since an award under this provision of the law is "in lieu of all other compensation of the permanent partial handicap," it was proper to give no consideration to a claim for compensation on account thereof under §§ 114-404 or 114-405. *Benton v. U. S. Cas. Co.,* 118 Ga. App. 804 (165

SE2d 473). And see *Travelers Ins. Co. v. Reid,* 178 Ga. 399 (173 SE 376); *New Amsterdam Cas. Co. v. Brown,* 81 Ga. App. 790 (60 SE2d 245); *Surmiak v. Standard Acc. &c. Ins. Co.,* 106 Ga. App. 479 (127 SE2d 334); *National Surety Corp. v. Nelson,* 99 Ga. App. 95 (107 SE2d 718); *Nation v. Pacific Employers Ins. Co.,* 112 Ga. App. 380, 383 (145 SE2d 265).

5. We find no error in the manner in which the total compensation to be paid was calculated. Appellant asserts that separate awards should have been made for the loss of use of each of claimant's arms rather than lumping the two together in one sum. It is purely a matter of arithmetical calculation. If, as appellant suggests, there is improvement or deterioration in the use of one arm but not in the other, or if one arm improves while the other falters, a new award based upon change in condition could be arrived at without difficulty by simply applying the applicable percentage in each instance and finding a new total.

Claimant urges that the amount of compensation awarded is small, and it is. However, it is in accord with the provisions of the Act. In this connection it is to be noted that his only economic loss is in connection with the American Courier job for which compensation was awarded. He returned to work for the Advocate Press at an increased wage.

*Judgment affirmed. Bell, C. J., Hall, P. J., Pannell, Quillian and Whitman, JJ., concur. Jordan, P. J., Deen and Evans, JJ., dissent.*

Argued July 7, 1970—Decided November 25, 1970— Rehearing denied December 18, 1970—Cert. applied for.

*William O. Carter,* for appellant.

*Erwin, Epting, Gibson & Chilivis, E. Davison Burch,* for appellees.

Hall, Presiding Judge, concurring. In my opinion, the "concurrent similar employment doctrine" should be abolished. I agree with the view stated by a leading authority on workmen's compensation that the fact that one industry may ultimately be harmed by being required to bear part of the burden of an injury produced

by another "is so remote and theoretical that it hardly seems to offset the very real injustice of relegating a disabled man accustomed to full earnings to a benefit level below that of destitution because of the circumstances that he happened to earn his living in two 'dissimilar' jobs." 2 Larson Workmen's Compensation, 88.210, § 60.31.

This raises the issue of whether the court should adhere to its previous opinion in *Idov,* supra, under the doctrine of stare decisis or reinterpret the Workmen's Compensation Act and overrule *Idov.* "It is true that 'stare decisis' is a matter of judicial policy rather than judicial power. In this regard the common law is not immutable, but flexible, and upon its own principles adapts itself to varying conditions. However, even those who regard 'stare decisis' with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute. Once the court interprets the statute, 'the interpretation . . . has become an integral part of the statute.' Gulf C. & S. F. R. Co. v. Moser, 275 U. S. 133, 136 (48 SC 49, 72 LE 200); Winters v. New York, 333 U. S. 507, 514 (68 SC 665, 92 LE 840). This having been done, any subsequent 'reinterpretation' would be no different in effect from a judicial alteration of language that the General Assembly itself placed in the statute. The principle is 'particularly applicable where an amendment is presented to the legislature and . . . the statute is amended in other particulars.' 50 AmJur 319, Statutes, § 326." *Walker v. Walker,* 122 Ga. App. 545 (178 SE2d 46).

While the Workmen's Compensation Act has been amended numerous times in the past seventeen years, the interpretation of the Act given by this Court in *Idov* has never been changed. For these reasons, it is my opinion that the proper body to reinterpret the Act is the General Assembly of Georgia.

JORDAN, Presiding Judge, dissenting. The very learned trial judge wrote an opinion in this case which states my view in this matter. The opinion, which I adopt and use as the basis of this dissent, is as follows:

"This court finds that the doctrine of 'concurrent similar employment' has been adopted in Georgia (*St. Paul-Mercury Indem. Co., vs. Idov,* 88 Ga. App. 697; 210 Ga. 256). While this

court is required to follow the rule of stare decisis, there appears no valid reason why the employment must be similar as long as such employment is concurrent and all employers know of such concurrent employment. The theory of Georgia's Workmen's Compensation law is to compensate the employee based on his *earning capacity*. As stated so succinctly in the above cited case, '. . . The one high aim constituting the foundation of this law is compensation for an injured employee, in proportion to his loss on account of injury. . . We think the fairest yardstick by which his compensation to cover his injury can be measured is what he was able to earn and was actually earning when the misfortune came upon him. . . It cannot be doubted that, at the time of his death, this employee's earning capacity was the total of his wages from the three jobs he was doing . . . rather than the wage received from part-time employment. . . Where an employee is working for several different employers and is injured, in order that he may be reasonably compensated for the loss of his earning powers, his total wages must be taken into consideration. Any other construction of the statute would result in great injustice and lead to absurdities.'

"There appears to be another compelling reason why 'concurrent employment' should be sufficient to meet the requirements of the Act. It is difficult to say how any court, with any degree of uniformity, can judicially determine just when employment is or is not 'similar.' 30 ALR 1002. All concurrent employment has some similar characteristics and, conversely, has some dissimilar characteristics. Our Georgia courts, as early as 1924, have held that it is not necessary that an employee work exclusively for his employer in order to qualify for compensation. *Empire Glass and Decoration vs. Bussey,* 33 App. 464. The difficulties attending the construction of the Workmen's Compensation Act are numerous enough without being greatly increased by imposing upon this court the obligation of deciding judicially how far one employment contract may or may not be ejusdem generis with another employment contract. In the *St. Paul-Mercury* case, supra, the employee in that case had three concurrent jobs. In two jobs, he sold liquor at retail and in the third job, he sold clothing at retail. Undoubtedly, an overwhelming majority of retail clothing salesmen would

take offense to a bald assertion that selling clothing at retail was the same or similar to working in a liquor store as a retail salesman. While the liquor store jobs and the clothing store job do have similarities, they also have many dissimilarities. Georgia Code Annotated, § 114-402, specifically provides that 'If the injured employee shall have worked in the employment in which he was working at the time of the injury, *whether for the same or another employer,* during substantially the whole of 13 weeks preceding the injury, his average weekly wage shall be 1/13 of the total amount of wages earned in such employment during the said 13 weeks.' This code section further provides that 'Except as otherwise provided in this Title, the average weekly wages of the injured employee at the time of the injury, shall be taken as the basis upon which to compute compensation. . .' It does not state 'whether for the same or another similar employer.' It thus appears that concurrent employment by an employee, with the knowledge and consent of all employers, should be sufficient to justify an award to the employee for disability based on his total wages. Georgia Code Annotated § 114-101, in defining the word 'employee,' is as follows: 'Employee shall include every person in the service of another under any contract of hire . . .' It does not state that the contract of hire has to be similar. It is not contended in the case at bar that the employee was not injured, nor is it contended that he was not in the employment of both concurrent employers for the requisite period of time required by the statute.

"In the case at bar, the claimant's duties in his concurrent employment in many ways were similar; however, if the test of 'job classification' apparently adopted in the *St. Paul* case, supra, is the criteria, then claimant's concurrent jobs were dissimilar.

"This court can see no valid reason for the continuance of a doctrine in Georgia known as 'concurrent similar employment' under the facts in the case at bar. This court is of the opinion that the Georgia doctrine should be one of 'concurrent employment.'"

It is my opinion that so much of the holding in the *St. Paul* case requiring concurrent employment to be "similar" should be overruled. Such a holding is not required under the Workmen's

Compensation Act.

I am authorized to state that Judge Evans concurs in this dissent.

DEEN, Judge, dissenting. While I agree with the result reached by Judge Jordan's dissent, and with the philosophy of Judge Hall's special concurrence, I do not think *St. Paul Mercury Ind. Co. v. Idov,* 88 Ga. App. 697 (77 SE2d 327) must be overruled in order to arrive at the conclusion that in this case the claimant's wages should be figured on the basis of what he was earning at the time, which includes his employment with both American Courier and Advocate Press. In fact, *Idov* supports the claimant's view. When *Idov* was before the court the issue was whether or not the board could consider any wages paid in any other job than that on which the employee was injured. The answer was in the affirmative, based on the premise that there be concurrent similar employment and that "similar" meant from the standpoint of insurance risk. This clearly appears from the statement: *"There is nothing connected with a clothing store which would make it a more hazardous occupation than that of selling liquor, so far as appears from the record."* Id., p. 698. (Emphasis supplied.) The appellant's argument was based on the contention that insurance rates vary according to the hazard involved, a matter of common knowledge, and that it would be unfair to allow the claimant to take credit for the income from two jobs where one of them might be extremely hazardous and therefore subject to a higher rate of premium than would have been charged had only the other been involved. "Similar employment" should be construed to mean similar in risk rather than identical in duties. The two employments involved here meet this criterion—as a matter of fact, the injury connected job involved picking up and delivering materials by automobile, and the other job also involved delivering materials on occasion, but it also involved supervising and packaging, a job no more hazardous than that in which he was injured.

Suppose a man is employed by two aircraft factories in the capacity of inspector. In one he inspects parts on the assembly line. In the other he inspects the same parts during experimental test-flying of the plane. Let us say the duties are very similar—but the risk is not. I think the *hazard criterion* is the only one which

can be logically applied in these situations. It was the one applied in *Idov*, and should be applied here to give this claimant a salary base representing the total weekly wages paid him by both companies.

Nor do I see where overruling the *Idov* case would reach the goal anticipated in the concurring opinion. This case merely established that there are situations where base salary may be computed by adding in wages not paid by the employer who is a party to the claim. If this case were overruled the only result would be that the board could in no instances consider total earnings in arriving at compensation.