71830. UNITED STATES FIDELITY & GUARANTY COMPANY, INC. v. BRANCH.
(344 SE2d 714)

DEEN, Presiding Judge.

This court granted United States Fidelity & Guaranty Company (USF&G) a discretionary appeal from the Tift County Superior Court's order of August 14, 1985, affirming the State Board of Workers' Compensation's award of benefits to appellee Gary Branch. In July 1980 Branch, a minor, lost two fingers of his right hand and damaged a third finger of the same hand in an accident which occurred while he was engaged in his duties as part-time employee in his father's farm drainage business. It is undisputed that the business was subject to the Workers' Compensation Act and was properly covered by appellant as insurance carrier; it is also undisputed that appellant assessed and accepted premiums computed on the basis of a figure which included not only the hourly wages of certain employees (including, *inter alios*, Gary and his brother), but also their year-end bonuses, all of which sums were reported on the employees' and the company's federal and state income tax returns.

Appellant, although acknowledging that the bonuses were included in premium calculations, contended at a hearing before an administrative law judge (ALJ) that appellee's bonuses were not to be included in the computation of weekly disability benefits. The ALJ agreed with appellant and awarded weekly benefits in the amount calculated by appellant. On appeal to the full State Board of Workers' Compensation, the following findings were made: "(b) Board Rule 260 B [*sic*] mandates that bonus payments be included in a calculation of average weekly wage for purposes of payment under OCGA §§ 34-9-261, 262 and 263. (c) Insurer, admittedly, collected premium payments from the $2,400.00 bonus which was paid to claimant. They [*sic*] cannot now assert that such payment was in the form of a gratuity. Employers oftentimes make salary decisions based on tax considerations. This is irrelevant in a determination of average weekly wage under OCGA § 34-9-260."[1] The Board ordered that the benefits be

---

[1] There was some disagreement regarding which subsection of OCGA § 34-9-260 should govern the wage computation. This was resolved, however.

recomputed on the basis of the higher figure. USF&G then appealed to the superior court, citing four of the five statutory grounds for reversal of a determination by the State Board, omitting only *the* ground of fraud. OCGA § 34-9-105 (c). The superior court affirmed the Board's award, applying the "any evidence" standard of appellate review. On appeal to this court, USF&G enumerates as error (1) the court's approving the inclusion of the bonus in the wage base and (2) the court's ruling that appellant, after having based its premiums on a figure that included the bonuses, was estopped to deny that appellee's bonus was a part of his compensation. *Held*:

1. In reviewing an award of the State Board of Workers' Compensation, the superior court sits as an appellate body and must apply the appellate standard of review; i.e., whether there is of record any competent evidence to support the award. The trial court's order recites that it had reviewed the record and applied the appropriate standard and affirmed on the basis that there was competent evidence in the record.

2. Appellant cites two Georgia cases in support of its contention that the average weekly wage is determined by multiplying the hourly rate by the number of hours worked. See OCGA § 34-9-260; *Black v. American &c. Ins. Co.*, 123 Ga. App. 133 (179 SE2d 679) (1971); *New Amsterdam Cas. Co. v. Brown*, 81 Ga. App. 790 (60 SE2d 245) (1950). Our scrutiny of the cited cases reveals that they are inapposite to the point at issue *sub judice*, in that neither involves a bonus or other compensation of the type contemplated in Rule 260 and OCGA § 34-9-260, on which the Board relies in amending the award of the ALJ.

Rule 260 reads in pertinent part as follows: "(a) Computation of wages *shall* include, in addition to salary or hourly pay, the reasonable monetary value of food, housing, *and other benefits* furnished by the employer without charge to the employee, and tips." (Emphasis supplied.) See, e.g., *Employers Commercial Union Ins. Co. v. Bryant*, 130 Ga. App. 596 (203 SE2d 896) (1974). While there appears to be no Georgia case law directly on point, it would be difficult for appellant to argue that the phrase "other benefits" must *necessarily* exclude bonuses; it does not directly address the statutory language and offers no authority in support of its contention that the bonus should be excluded. Rather, it argues that if a payment is made for tax reasons, as admittedly was done here, it should *ipso facto* not be considered as wages for workers' compensation purposes. In addition to the patent legal defect in such a position, its absurdity becomes apparent when one contemplates that under such a rationale carried to its logical extreme, it could conceivably become necessary for an employer to make a separate, *ad hoc* determination for each employee as to whether a particular benefit was being conferred with an eye to the IRS or simply because it was an appropriate part of a compensation

"package." "[T]he right of . . . statutory compensation is a part of the compensation of the employee for services rendered." *Continental Cas. Co. v. Haynie*, 51 Ga. App. 650, 651 (181 SE 126), aff'd 182 Ga. 608 (186 SE 683) (1936). Moreover, the Board has authority to correct a mistake in an award which appears in the record, as when a claimant's wage is incorrectly stated. *Wills v. St. Paul Fire &c. Ins. Co.*, 143 Ga. App. 562, 566 (239 SE2d 219) (1977); *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428 (231 SE2d 445) (1976). The court below properly found that there was competent evidence to support the Board's award.

3. Having determined, supra, that the award of the Board represented the proper computation, we need not address the issue of estoppel.

*Judgment affirmed. McMurray, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Banke, C. J., Birdsong, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

First it is noted that the employer is also an appellant although the style of the case adopted by the majority does not reflect it.

The claimant was an 11-year-old son of the owner of the employer. He did janitorial work at the shop located at the family residence. He began employment the week before the injury. At the end of the second week, on Saturday, July 5, 1980, his hand slipped into an electric fan which he was moving in order to sweep, and his fingers were cut.

At the time, he was being paid on the basis of $3.85 per hour. He had worked 13 hours each of the two weeks and was thus paid a total of $50 for each week. The facts are undisputed that there was no agreement or even any expectation on the part of the employer or the employee with respect to any bonus or other type of compensation of "wages." Then at the end of the year some six months after employment ceased, the company decided to give bonuses to all the people who had been employees that year. This, at least insofar as claimant was concerned, was for tax purposes and not because it was part of the contemplated compensation package.

OCGA § 34-9-260 provides that "the average weekly wages of the injured employee *at the time of the injury* shall be taken as the basis upon which to compute compensation . . ." This, I think, was overlooked by the board and by the lower court. The question was, what were the average weekly wages of the injured employee at the time of his injury? The statute provides three methods for determining these wages. The parties agreed that the third method was most appropriate because the other two did not apply factually. Despite the "full-time" language in that subsection, Section 260 does apply to part-

time employees as well. *Black v. American &c. Ins. Co.*, 123 Ga. App. 133, 135 (3) (179 SE2d 679) (1971) illustrates this.

The third method is that "the full-time weekly wage of the injured employee shall be used." This includes, "in addition to salary or hourly pay, the reasonable monetary value of food, housing, and other benefits furnished by the employer without charge to the employee, and tips." Board Rule 260 (a). Thus, "all payments the employer makes to the employee should be counted as wages for the purpose of fixing workers' compensation benefits . . ." *Little Suwannee Lumber Co. v. Fitzgerald*, 172 Ga. App. 144, 145 (322 SE2d 347) (1984).

In this case, "at the time of the injury," the bonus was not in the picture. It was not a part of the compensation being paid to the employee, nor was there any obligation whatsoever then existing, to pay it at some later time, even contingent on later decisions or calculations.

The language of the statute is plain. The basis for computation is wages "at the time of the injury." The other two methods start from this same time designation. The formula for determining wages "at the time of the injury," is the 13-week average for the period immediately preceding the injury. Whatever payments the employer was making or was obligated to make for that period would be taken into account in mathematically arriving at the amount to be paid as workers' compensation benefits. Whatever changes in compensation occurred thereafter, be it the following month or the end of the year or whenever, they would have no effect on the computation of "wages" at the time of the injury for the purpose of establishing liability insofar as workers' compensation benefits are concerned.[1]

At the time of the injury, all that the claimant was receiving, or was entitled to receive, was the hourly wage of $3.85, or $50 per week for 13 hours of work. As said by the Supreme Court in *Carter v. Ocean Accident &c. Corp.*, 190 Ga. 857, 858 (11 SE2d 16) (1940), and quoted in *Black*, supra at 136, "If a regular wage has been established and the employee is receiving it on the date of the accident, then that, and no other, is the basis on which compensation must be computed." Although the formula for establishing that amount has since been expanded to allow a 13-week average, the crucial time designation is the same. This court in *St. Paul-Mercury Indem. Co. v. Idov*, 88 Ga. App. 697, 699 (77 SE2d 327) (1953), quoted and applied *Carter* as expressing the spirit of the law. The point is that in determining basis, only the past wage experience is taken into account.

Thus the court erred when it concluded that the award as determined by the board to include a later-evolved bonus was not contrary

---

[1] Tax liability for later payments is quite another thing and is entirely irrelevant.

to law. It was.

I am authorized to state that Chief Judge Banke and Presiding Judge Birdsong join in this dissent.

DECIDED APRIL 11, 1986 —
REHEARING DENIED APRIL 30, 1986 — 

*William A. Erwin*, for appellant.
*Bob Reinhardt*, for appellee.