Marshall, C. J.
 

 This is a proceeding in error which challenges the reasonableness and lawfulness of an order of the Public Utilities Commission. The jurisdiction of the commission was invoked by an application of John L. Bishop, which alleges that the commission, prior to June 1, 1924, granted a certificate of convenience and necessity to "W. 0. Small, being certificate No. 34, covering a route between Dayton, Ohio, and G-reenville, Ohio. It was further alleged that “Small has not operated
 
 *652
 
 over said route between Greenville and Dayton for the period between June 1, 1924, and December 21, 1924. That because of said failure to operate, said certificate No. 34 should be cancelled and revoked.”
 

 Small answered, denying the material allegations of the complaint, and alleged that, .except for certain interference by Bishop, he has at all times operated over said route in compliance with law and the orders of the commission and to the. satisfaction of the public. The proceeding was under authority of Section 614-87, General Code, as amended 111 Ohio Laws, page 516, which provides:
 

 “The commission may at any time for a good cause suspend, and upon at least five days’ notice to the grantee of any certificate and an opportunity to be heard, revoke, alter or amend any certificate issued under the provisions of this chapter.”
 

 It would seem that the revocation can only be granted “for a good cause,” and, while a wide discretion is lodged in the commission in determining “good cause,” the order of the commission must in any event be reasonable and lawful. Only a small amount of testimony was taken upon the hearing, and the only testimony which was in any sense determinative of the issue was that offered by Bishop himself. Mr. Small offered no testimony. The problem presented to this court by this review is whether the testimony of Bishop, fully credited, justifies an order of revocation. His testimony was short, and upon some points quite vague, but it fairly sets forth the following facts:
 

 Small became bankrupt about June 1, 1924, and
 
 *653
 
 was compelled to turn over all of his equipment to a trustee in bankruptcy. This left him with certificate No. 34, which under the decisions of this court was not property, and therefore not transferable to the trustee in bankruptcy, but without any equipment to operate thereunder. Thereupon he made some arrangements, which are by no means clear in their details, to lease equipment from John L. Bishop, and constituted Bishop his agent to collect all receipts of operation, and out of such receipts to pay the operating expenses and retain for his services and the use of the leased equipment $10 per day, the balance to be paid to Small. It is reasonably clear from the testimony of Bishop that the taxes and premiums on indemnity insurance were paid by Small out of the moneys turned over to him. This operation continued from June until December. During that time an application was made by Small for an increase in the scheduled rates, and the increase was granted in the name of Small. Schedules were published in his name, and he continued to be the holder of the certificate. Bishop apparently brought an injunction suit in the common pleas court of Montgomery county to prevent Small' from continuing operations, but the record does not disclose the date of the filing of that suit, nor its final outcome. It does appear by the record, however, that that suit is fully ended and determined. It also clearly appears that Small has been at all times since December, 1924, in full possession of the route, and operating the same in a manner satisfactory to the patrons of the route. It further
 
 *654
 
 clearly appears that at no time has there been any failure to render satisfactory service. There is a claim in the case that Small had attempted to transfer his certificate to Bishop, and this is made one bf the grounds of the order of the commission revoking Small’s certificate. The only testimony in the record upon that point is the testimony of Bishop as follows:
 

 “I was supposed to operate as agent until the time would come until he could transfer the certificate to me.”
 

 At most this could only involve a promise to endeavor to have the certificate transferred in a regulan and legal manner. No application was ever made to the commission to approve a transfer, and a transfer could be made in no other manner than by application to and approval by the commission. We have no difficulty, therefore, in reaching the conclusion that there was no attempt in this case which would be reasonable and lawful grounds for revoking the certificate. There could not in any event be any harm in promising to transfer a certificate at a future time, and until some definite action should be taken in respect thereto it would at most be but a
 
 nudum pactum.
 
 Further light is thrown upon the same proposition by the following questions and answers:
 

 “Q. You were leasing to him your equipment? A. We had one form of that kind.
 

 “Q. Until such time as you might see fit to make application here to purchase the certificate and rights of Mr. Small? A. That is what he was to do, and the one I was paying him on.
 

 
 *655
 
 “Q. Up until this certificate could be procured by a proper application before this commission you were operating for Mr. Small, as I understand? A. That was it; that was all that could be done.
 

 “Q. And you were operating as the agent until that could be done? A. I was operating in his name.”
 

 It is not questioned that a certificate holder has no right to transfer his certificate without the approval of the commission, and any attempt so to do would be both futile and reprehensible.- It certainly appears in this case by the testimony of Bishop himself that it was intended to proceed only with the approval of the commission.
 

 It remains to be determined whether the other ground of revocation stated by the commission is reasonable and lawful, viz, that there was an abandonment of the route by Small between the 1st of June, 1924, and some time in the month of December, 1924. The route was at all times well served by means of equipment leased to Small, and Small at all times held the certificate known as certificate No. 34. The busses which were used in that service were labeled, “Public Utilities Commission No. 34.” The taxes and insurance premiums were at all times paid by Small, and Small received the net revenue after payment of all expenses of operation, including the services of Bishop and the rental of the leased equipment. According to his own testimony, Bishop himself was the agent of Small, and the fact that Bishop had the authority to employ and discharge drivers, to handle the money, and to pay the expenses of
 
 *656
 
 operation, apparently constituted him nothing more than the fiscal agent of Small, and in no sense the operator of the motor transportation.
 

 Our attention has been called to another order of the Utilities Commission made in the commission’s case No. 3594, decided July 29, 1925, entitled
 
 Shafer et al.
 
 v. J.
 
 H. McClure, Receiver,
 
 and the order made by the commission in that case is set forth in the record. The order sets forth reasons which on their face are someAvhat contradictory of the reasons for the order in the instant case. We do not feel disposed to treat the order in that case as an authority, but prefer to take it for granted that there may have been peculiar facts in that case which justified the order made, and which would therefore distinguish that ruling of the commission from the ruling in the instant case. There is at least some evidence in the instant case that the commission considered facts which were not in the record, but which were known to the commission by evidence introduced in another hearing in another case. Manifestly, the commission could not properly have been so influenced without the record in that case being introduced in the instant case. It is clear that that procedure was not followed.
 

 Bankruptcy proceedings and subsequent leasing of other satisfactory equipment, and continued operation of the route in a satisfactory manner, and subsequent financial recovery of the certificate holder, resulting in his ability to provide ample equipment, do not in the opinion of this court make a showing of good cause for revocation. If
 
 *657
 
 complaint had been made of Small’s financial difficulties immediately after the bankruptcy proceedings, and before his financial recovery, and the commission had then revoked the certificate on the ground of financial irresponsibility, this court would not be disposed to interfere with the commission’s discretion. A very different situation is presented after the lapse of so long a time, in the face of satisfactory service and financial recovery.
 

 For the foregoing reasons the orders of the commission must be held to be unreasonable and unlawful. Its orders will therefore be reversed.
 

 Orders reversed.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Robinson, J., not participating.