18396. UNITED STATES FIDELITY & GUARANTY CO. et al. v. GREEN, guardian.

DECIDED MARCH 16, 1928.

*Bryan & Middlebrooks,* for plaintiffs in error.
*Slaton & Hopkins,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. Under the workmen's compensation law, an employee is entitled to compensation for injuries from accidents arising out of and in the course of the employment; that is, for such occurrences as might have been reasonably contemplated by the employer as a risk naturally incident to the nature of the employment, or such as, after the event, might be seen to have had its origin in a risk connected with the business of the employment, and to have arisen out of and flowed from that source as a natural consequence. *Keen* v. *New Amsterdam Casualty Co.,* 34 *Ga. App.* 257 (2) (129 S. E.

174). In the instant case, while the evidence was such as would have authorized a finding that the injury occurred during the course of the decedent's employment, and while he was on duty, there is nothing to show that it arose out of his employment, but, on the contrary, the evidence conclusively indicates that the injury was altogether casual to and did not arise out of his employment, but was occasioned by an intervening agency such as could not have been reasonably contemplated by the employer as a risk naturally incident to the nature of the employment. The act of the fellow servant in picking up the pistol and handling it as a mere meddler and from a motive of idle curiosity was not such an act as originated in and was connected with the actual conduct of the business in which the plaintiff was employed. *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881); *Maryland Casualty Co.* v. *Peek,* 36 *Ga. App.* 557 (137 S. E. 121).

2. Under the foregoing ruling, the evidence did not warrant the finding of the industrial commission in favor of the claimant, and the judge of the superior court erred in sustaining the award of compensation.

*Judgment reversed. Stephens and Bell, JJ., concur.*