## 19616.  MADDOX *et al.* v. TRAVELERS INSURANCE COMPANY *et al.*

Decided May 15, 1929.

*Bryan & Middlebrooks, Chauncey Middlebrooks, O. W. Russell,* for plaintiffs.

*McDaniel, Neely & Marshall, Harry L. Greene,* for defendants.

BROYLES, C. J. This case arose under the workmen's compensation law of Georgia. Mrs. Maddox and her minor child (a daughter) filed a claim with the industrial commission, asking compensation on account of the death of Mr. Maddox (the husband of the claimant, Mrs. Maddox, and the father of the minor claimant). The case was heard before a single commissioner, who rendered a decision denying compensation. By appeal the case was brought before the entire commission, which sustained the finding of the single commissioner; and then an appeal was taken to the superior court which affirmed the decision of the commission. The case is now here for review.

The undisputed evidence upon the trial in the superior court shows the following facts: Maddox was employed as a mechanic by the Franklin Motor Car Company and worked in their place of business in Atlanta. His work was repairing automobiles, and it often became his duty to go into the company's "stock-room" to obtain certain "parts" necessary for his repair work. An employee named Muller was in charge of the stock-room, and a 16-year-old boy named Bradberry was his assistant. On the day of the accident Maddox and a mechanic named Benson went into the stock-room for the purpose of getting certain automobile parts necessary for their work. It was Muller's or Bradberry's duty to find the parts wanted and hand them to the mechanics. It was also Bradberry's duty to wrap up parts which were to be shipped out of town, and to tie the packages with twine. Wrapping twine was provided him, and he was accustomed to cut the twine with a small pocket-knife of his own. A table was provided for his use in wrapping and tying the packages. When Maddox and Benson entered the room Bradberry found their parts and handed the parts to them. Maddox and Benson entered into conversation with each other, which apparently annoyed Muller (who was waiting on another employee at a window) and he told Bradberry to "get them out," meaning for Bradberry to get Maddox and Benson out of the stock-room. In the meantime Bradberry was wrapping up a package at the table, and had the open knife in his hand, having just cut a piece of the twine with which to tie the package. When Muller ordered Bradberry to "get them out," Benson immediately left the room. Maddox (a large and strong man) did not leave the

room, but laughed at Bradberry and told him, in substance, that he was not big enough to put him out. Bradberry then reached across the table (the table being between them) and pushed or shoved Maddox, and Maddox then ran around the table and tried to catch Bradberry, but Bradberry was running too (both laughing and playing), and it was a minute or two before Maddox caught him. Maddox then caught hold of Bradberry's left wrist and began twisting it, at the same time pulling Bradberry towards the door, evidently intending to put Bradberry out of the room. During this friendly scuffle both man and boy slipped and fell against each other, and the open knife, still in the boy's hand, in some unknown way, penetrated the heart of Maddox and caused his death.

"Under the workmen's compensation law, an employee is entitled to compensation for injuries from accidents arising out of and in the course of the employment; that is, for such occurrences as might have been reasonably contemplated by the employer as a risk naturally incident to the nature of the employment, or such as, after the event, might be seen to have had its origin in a risk connected with the business of the employment, and to have arisen out of and flowed from that source as a natural consequence." *U. S. Fidelity &c. Co.* v. *Green,* 38 *Ga. App.* 50, 51 (142 S. E. 464). In the instant case, while possibly the evidence might have supported a finding that the fatal accident occurred in the course of the decedent's employment, it would not have authorized a finding that it arose out of his employment. On the contrary, it clearly appears from the evidence that the unfortunate death of Maddox was brought about by his own acts in teasing Bradberry and in chasing him around the table and in playfully trying to eject him (Bradberry) from the room. Muller, being in charge of the stock-room, had the authority to direct Maddox and Benson to leave the room after they had gotten the articles they needed; and he so directed through his assistant, Bradberry. Benson promptly obeyed the order. Maddox, however, in a spirit of levity or "horse-play," defied the order and entered into a good natured and playful scuffle with Bradberry, which resulted in his death. The "horse-play" engaged in by Maddox and Bradberry was not such an act as could have been reasonably contemplated by their employer as a risk naturally incident to the nature of their employ-

ment.  See, in this connection, *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881).  The cases cited in the brief of counsel for the claimants are distinguished by their particular facts from the instant case.  The superior court properly affirmed the decision of the commission denying compensation to the claimants.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*