## 30402. GIVENS v. TRAVELERS INSURANCE COMPANY
### et al.

DECIDED APRIL 27, 1944.

*T. Elton Drake, William E. Ball,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

MACINTYRE, J. This was a suit brought by Bonnie Givens against his employer, Clark Thread Company, and its insurer, Travelers Insurance Company, under the workmen's compensation act for injuries received while working. Givens was employed by Clark Thread Company to operate a twister frame. Some six or eight feet from this twister frame, known as number 62, a co-employee by the name of H. B. Carruth, was operating a similar frame, adjoining the one operated by Givens. Between them was a steel table, referred to by Givens as a "creel board." On the morning of April 16, 1943, as a part of his duties, Givens took a bobbin from the frame to put some sort of ticket on it, and slammed it down on the steel table immediately back of Carruth, thereby making a loud noise. Carruth had his back turned to Givens, who at the time he slammed the bobbin down, holloed "pow" or "pau." The two noises together resembled the shooting of a gun, and scared and excited Carruth so, that he instantly turned and threw the "separator," which he had in his hand, and with which he was

working, and it struck Givens in the eye, causing the injury in question. At the time of the accident, Givens did not have any reason whatsoever to attract Carruth's attention, for he had no message pertaining to the business for him. He also said that he did not know why he made those loud noises that frightened Carruth. Carruth testified: "He scared me at other times. I think he got pleasure out of it, if you know [what I mean], teasing everybody." (Brackets ours.)

To authorize compensation under the workmen's compensation act, it must appear that the employee's injury (1) arose out of, and (2) in the course of, his employment; and (3) that the accident was within the purview of the act. All three of these elements must concur and all must be proved, before a recovery is authorized. Bryant v. Fissell, 84 N. J. L. 72 (86 Atl. 458). We find no cases in this State in which the right to recover under the workmen's compensation act has arisen out of an accident, which was the result of "horseplay" or "skylarking;" but the right has been denied in the following cases, which were called to our attention, to wit: *United States Fidelity & Guaranty Co.* v. *Green,* 38 *Ga. App.* 50 (142 S. E. 464); *Maddox* v. *Travelers Insurance Co.,* 39 *Ga. App.* 690 (148 S. E. 307); *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881); *Young* v. *Liberty Mutual Insurance Co.,* 68 *Ga. App.* 843 (24 S. E. 2d, 594). We seem to have followed the rule stated in 2 Schneider on Workmen's Compensation Law (2d ed.) 1829, § 523, which is as follows: "The rule is well enough settled that where workmen step aside from their employment and engage in horseplay or practical joking, or so engage while continuing their work, and accidental injury results, and in general where one in sport or mischief does some act resulting in injury to a fellow worker, the injury is not one arising out of the employment within the meaning of compensation acts." It has been said that "the employer was not charged with the duty to see to it that none of his employees assaulted any other one of them, either wilfully or sportively." Hully v. Moosbrugger, 88 N. J. L. 161 (95 Atl. 1007, L. R. A. 1916C, 1203). In the instant case, the board was authorized to find that the injury was the result of "horseplay" or "fooling" by the injured employee, who instigated the occurrence; that even though the accident occured in the course of the employment, it did not arise out of the employment;

and therefore the employer was not liable, under the workmen's compensation act, for the injuries so sustained. Pierce *v.* Boyer-Van Kuran Lumber &c. Co., 99 Neb. 321 (156 N. W. 509, L. R. A. 1916D, 970); L. R. A. 1916A, 45, 64, 96; Scholtzhauer *v.* C. & L. Lunch Co., 233 N. Y. 12 (134 N. E. 701); Tracy *v.* Village of Deer Park, 114 Ohio St. 266 (150 N. E. 27).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*