36732. McCORD *v.* EMPLOYERS LIABILITY ASSURANCE CORPORATION *et al.*

Decided June 11, 1957.

John L. *Respess, Jr., F. L. Breen,* for plaintiff in error.

John M. *Williams,* contra.

NICHOLS, J. Assuming but not deciding that the superior court could consider the merits of the appeal from the award of the full board such appeal failed to allege such facts as would authorize the court to order the award of the full board set aside and the case recommitted for further hearings. As was said in *Heath v. Standard Accident Ins. Co.,* 94 *Ga. App.* 548 (95 S. E. 2d 726), in order to set aside an award of the full board, which was entered pursuant to an agreement between the parties, because of fraud, accident or mistake, this fraud, accident or mistake is the same as is set forth in Code § 37-219, and is not available where the person seeking to set aside the award has been guilty of fraud or negligence himself. In the present case the agreement signed by the claimant which is said to have been procured by fraud stated not only that the claimant did not suffer an injury which arose out of and in the course of her employment, but stated that she was not entitled to any compensation, such language being clear and understandable and it is not alleged that the claimant was prohibited from reading such agreement or that she did not read it. Therefore, it must be concluded that the claimant was either negligent in failing to read such agreement or that she was negligent in signing it if some part of it was untrue and she had read it.

Moreover, even considering the statements in the agreement that the injury did not arise out of and in the course of the claimant's employment and that she was not entitled to compensation as conclusions not binding on the parties signing the agreement, there is no contention that the injury occurred any way other

than that alleged in such agreement. If the injury occurred as the employer and insurer contend: "During break, at water fountain Gladys McCord [and] Maybell Hardy threw a bit of water on each other, Gladys McCord ran and fell hurting leg," then the injury was caused by "horseplay" in which the claimant was engaged and it was not compensable. See *Georgia Cas. Co. v. Martin*, 157 *Ga.* 909 (122 S. E. 881), *Maddox v. Travelers Ins. Co.*, 39 *Ga. App.* 690 (148 S. E. 307), and *Givens v. Travelers Ins. Co.*, 71 *Ga. App.* 50 (30 S. E. 2d 115). On the other hand if the injury occurred as the claimant contended in the agreement: "While she was on a break she went into another department to see a new machine which she had not seen. While in the other department she fell and hurt herself," the employee was on a break and the injury did not arise out of her employment, but arose out of a personal trip into a department of the employer's premises other than where she worked to see a new piece of machinery. See *Austin v. General Accident &c. Corp.*, 56 *Ga. App.* 481 (193 S. E. 86); *Aetna Casualty &c. Co. v. Honea*, 71 *Ga. App.* 569 (31 S. E. 2d 421); *Ocean Accident &c. Corp. v. Farr*, 180 *Ga.* 266 (178 S. E. 728). Therefore, the judgment of the superior court affirming the award of the full board must be affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*