## 52614. LUMBERMENS MUTUAL CASUALTY COMPANY, INC. et al. v. AMERINE.

McMURRAY, Judge.

This is a workmen's compensation case. As a part of the claimant's duties as a salesman in a building material warehouse it was necessary for him to use a bicycle in traveling throughout the warehouse and premises which the employer had provided for the use of the employees.

Various employees, including the claimant, were in the habit of riding the bicycle on the rear wheel with the front wheel up in the air, which is commonly referred to as "doing wheelies." While riding the bicycle claimant fell and injured his left knee causing the injury which is the subject matter of this action. Claimant contended that he was not riding the bicycle playfully or engaged in horseplay when the injury occurred. However, there was evidence of other employees that the front wheel was over a foot off the ground and another testified that the front wheel was at least three or four feet off the ground when claimant fell off the bicycle and was injured.

The administrative law judge, after hearing considerable evidence, held that he was injured riding with the front wheel in the air while riding in the warehouse checking on availability of materials and that claimant sustained an injury which arose out of and in the course of his employment. Her conclusion of law was that while this was a hazardous act where possible danger is obvious, it did not, as a matter of law, constitute "wilful misconduct" within the meaning of Code Ann. § 114-105. She further concluded that claimant's behavior, along with the behavior of his fellow employees, in the method of riding the bicycle was such as to constitute negligence, but not such negligence as would amount to "wilful misconduct as a matter of law," and that there was no rule against "doing wheelies." Hence, it could not be considered wilful misconduct. She made an award in favor of the claimant.

On appeal to the full board her findings of fact were adopted with the additional finding upon de novo consideration that the evidence was insufficient to support a "defense of horseplay or wilful misconduct" and the conclusion of law that the claimant was not barred from receiving compensation by virtue of any act on his part. The award of the administrative law judge was adopted with one dissent. On appeal to the superior court it was affirmed. The employer insurer appeals. *Held:*

Considering the conflicting testimony before the administrative law judge, the adoption by the majority of the full board of her findings with the additional finding that the evidence was insufficient to support a defense of

horseplay or wilful misconduct required an affirmance by the lower court as to the "any evidence rule," there being some evidence that the claimant was not doing wheelies and some that the front wheel was a foot off the ground and other testimony that it was three or four feet off the ground. An issue of fact is purely one for determination by the board. The findings were not, as contended by the appellants, "inherently contradictory." There was ample evidence to find that the injury arose out of and in the course of his employment and was in the purview of the Workmen's Compensation Act. Such cases as *Givens v. Travelers Ins. Co.,* 71 Ga. App. 50, 51 (30 SE2d 115); *Bibb Mfg. Co. v. Cowan,* 85 Ga. App. 816, 821 (70 SE2d 386); and *McCord v. Employers Liability Assur. Corp.,* 96 Ga. App. 35 (99 SE2d 327), involving "horseplay" and "wilful misconduct" are not applicable to the facts of this case. Even if the action of the claimant could be said to involve negligence on his part it is totally insufficient to bar his claim for workmen's compensation.

*Judgment affirmed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 8, 1976 — DECIDED SEPTEMBER 29, 1976.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., Gregory N. Studdard,* for appellants.

*James M. Kimbrough,* for appellee.