67481. O'NEAL v. CINCINNATI INSURANCE COMPANY.

BIRDSONG, Judge.

This was a civil action alleging fraud in the procurement of a stipulation and covenant not to sue (settlement) pertaining to a workers' compensation claim. The record discloses no factual dispute that appellant O'Neal was injured while doing casual labor for the employer Superior Cleaners and Rite Way Cleaners. The appellant was injured December 6, 1980. During the following week, while O'Neal was under medication of the drug percodan, with his arm in a long cast, he was visited by two representatives of the appellee insurer, Mr. Adams and Mr. Johnson. Ultimately on December 19, 1980, O'Neal signed two documents. The first was a "Stipulation and Agreement" which made reference to the entire file of the workers' compensation board in the case and set forth O'Neal's contention that "he sustained a compensable injury by an accident arising out of and within the course of his employment with said employer," and stated that "the employer and insurer deny his contentions"; the Stipulation concluded: "After thoroughly investigating the matter and in order to avoid litigation, the parties hereto stipulate and agree that said employee-claimant did not sustain an accident and injury while employed with his employer and that all compensation benefits should be denied. WHEREFORE, the parties hereto pray approval of this Stipulation and request an Award of the State Board of Workers' Compensation approving same." Appellant O'Neal does not deny that he read the document and duly signed it.

The second document entitled "Covenant Not to Sue and Agreement to Indemnify" provided as a "whereas" that an award of the state board "was issued denying compensation . . . based upon the evidence in the case and the Stipulation entered into between the parties," and then set forth a settlement by which the insurer would

pay O'Neal $500 and all medical expenses incurred within six months, in exchange for O'Neal's agreement not to sue or pursue a workers' compensation claim. Thereafter, a person who O'Neal thought was a board employee called O'Neal; he explained O'Neal's rights to him and discussed the documents with him, reiterating that the covenant not to sue was not binding unless the board approved the stipulation.

O'Neal testified in deposition, which is part of the record in this civil case, that he told the workers' compensation man on the phone, "I've a good mind . . . to tell you [not] to approve the stipulation," because of the stipulation paragraph wherein he had agreed that he had not sustained an injury in the course of his employment. However, he did not ask the board to disapprove the stipulation because he had previously gotten into another situation with another employer in which "I even lost my job due to that accident over in the mill, and I had had an encounter with the insurance company and with workman's comp. I thought it best at that time to go ahead and tell the board to approve the stipulation which I had encountered with Mr. Adams and Mr. Johnson."

In this civil case to overturn the action of the board on the basis of fraud, O'Neal contended that he was under medication when he signed the stipulation and settlement; he stated in deposition that although he read the paragraph wherein he stipulates that he "did not sustain an accident and injury while employed with this employer and that all compensation benefits should be denied," he did not in any way understand this to mean that he was agreeing he did not have a compensable accident, and would not have signed it if he had so understood it. He relied upon Mr. Adams' explanation that the paragraph and stipulation meant the parties were "agreeing to disagree."

O'Neal appeals the grant of summary judgment to the insurer. *Held:*

Appellant points out on appeal the unseemliness of permitting approval of a stipulation (that he did not sustain an injury in the course of his employment) which clearly was a falsehood, inasmuch as there was no dispute that he was injured by a backward fall he sustained when the adjustor cap pulled off a cleaning machine which he was trying to lift out of the employer's car. We agree that the workers' compensation law does not condone falsehood by stipulation. See OCGA § 34-9-19 (Code Ann. § 114-9905). Particularly where the stipulation on its face, in its entirety, shows there is "a bona fide dispute as to facts, the determination of which will materially affect the right . . . to recover compensation . . . and it further appears that the parties have agreed upon a settlement

between themselves," the board should approve the stipulation only where the "settlement gives due regard and weight to the conflicting evidence available relating to the disputed facts." OCGA § 34-9-15 (Code Ann. § 114-106). If there was any defect in the procedure followed by the parties and the board in this case, the claimant should have contested the board's decision; but he did not. See *Argonaut Ins. Co. v. Hix,* 120 Ga. App. 415 (170 SE2d 762).

As for showing fraud in this action to attack the workers' compensation judgment, the appellant's case cannot withstand summary judgment. As in *McCord v. Employers Liability Assurance Corp.,* 96 Ga. App. 35, 38 (99 SE2d 327), where the attack upon the stipulation for fraud was made in the workers' compensation appeal process, "the agreement signed by the claimant which is said to have been procured by fraud stated not only that the claimant did not suffer an injury which arose out of and in the course of [his] employment, but stated that [he] was not entitled to any compensation, such language being clear and understandable and it is not alleged that the claimant was prohibited from reading such agreement or that [he] did not read it. Therefore, it must be concluded that the claimant was either negligent in failing to read such agreement or that [he] was negligent in signing it if some part was untrue. . . ."

Moreover, appellant in this case is in even worse position to claim fraud than the claimant in *McCord,* for this appellant was negligent twice-over. Appellant's testimony quoted above shows conclusively that before the stipulation was approved by the board, he perceived the disparity in the stipulation that he had not suffered an injury in the course of employment, and was of a good mind to disavow it; that he was given the specific opportunity to disavow it and understood his right to do so but consciously, though he may now regret it, decided for unrelated reasons to approve it. Beyond any material issue of fact, if there ever was any fraud or other defect or negligence of his own in the stipulation proceedings, he recognized it and still chose to accept the settlement. The trial court did not err in granting summary judgment to the appellee.

*Judgment affirmed. Shulman, P. J., and Banke, J., concur.*

DECIDED JANUARY 6, 1984.

J. Richmond Garland, M. T. Hartman III, Benjamin B. Garland, for appellant.

*Ronald Barfield, Truitt A. Mallory,* for appellee.