74233. UNIVERSAL UNDERWRITERS INSURANCE COMPANY v. GEORGIA AUTOMOBILE DEALERS' ASSOCIATION GROUP SELF-INSURERS' FUND et al.
(356 SE2d 686)

DEEN, Presiding Judge.

Appellee Georgia Automobile Dealers' Association Group Work-

ers' Compensation Self-Insurers' Fund (GADA) was the workers' compensation insurance carrier for appellee Jay & Gene's Chrysler-Plymouth-Dodge, Inc. (Jay & Gene's), employer of appellees Gaylor and Hamm. See OCGA § 34-9-150. Appellant Universal Underwriters Insurance Company was the liability insurance carrier for incidents not subject to the Workers' Compensation Act, OCGA Title 34, Ch. 9. While awaiting the arrival of potential customers, Gaylor and Hamm engaged in a "finger-wrestling" contest which resulted in a broken finger for Gaylor. Gaylor filed a workers' compensation claim, and GADA assumed the responsibility for Jay & Gene's defense. An administrative law judge (ALJ) found that the incident was not covered by workers' compensation insurance because the incident did not fulfill the statutory requirement of arising out of and in the course of Gaylor's employment. OCGA § 34-9-1 (4). The full Board of Workers' Compensation affirmed the ALJ's decision.

Gaylor filed a complaint against Hamm and Jay & Gene's in the Muscogee County State Court, seeking damages for personal injury. Two months later appellant Universal filed a declaratory judgment action in the Muscogee County Superior Court, stating that it was uncertain as to its status and seeking a determination of whether or not it had a duty to defend Jay & Gene's in the state court action. Defendants GADA and Jay & Gene's filed separate motions for summary judgment, asserting that under the language of the Universal insurance policy there was no uncertainty as to Universal's obligations, and declaratory relief was therefore inappropriate. Universal subsequently moved for summary judgment, alleging that Gaylor and Hamm were within the scope and course of employment at the time of the incident and therefore were not covered under the Universal policy. After oral argument the trial court entered an order declaring that Universal had a duty to defend Jay & Gene's in the state court action, granting GADA's motion for summary judgment, and dismissing both GADA and Jay & Gene's from the declaratory judgment action.

Universal appealed from this order, asserting that the trial court erred in granting summary judgment to GADA because (1) Universal had not been a party to the workers' compensation proceeding and therefore should not be bound by the determination therein; and because (2) the trial court allegedly considered only the Universal insurance policy and not the insuring agreement between GADA and Jay & Gene's. *Held*:

1. The purpose of the Workers' Compensation Act is to protect a worker against unexpected personal injuries arising out of, and in the course of, his employment. OCGA § 34-9-1 (4); *Scott v. Travelers Ins. Co.*, 49 Ga. App. 157 (174 SE 629) (1934). Workers' compensation does not cover accidents sustained by an employee outside the scope

of his employment. *Carroll v. Hartford Accident &c. Co.*, 73 Ga. App. 799 (38 SE2d 185) (1946). The claimant has the burden of demonstrating that his claim falls within the Act's coverage. *Ladson Motor Co. v. Croft*, 212 Ga. 275 (92 SE2d 103) (1956). *Zamora v. Coffee Gen. Hosp.*, 162 Ga. App. 82 (290 SE2d 192) (1982). He must prove that the injury for which he seeks workers' compensation benefits arose out of, and in the course of, his employment; an injury that occurred in the course of his employment but did not also arise out of the employment does not come within the Act. *Davis v. Houston Gen. Ins. Co.*, 141 Ga. App. 385 (233 SE2d 479) (1977).

Although the Act, being remedial in nature, is to be construed liberally in the claimant's favor, *McElreath v. McElreath*, 155 Ga. App. 826 (273 SE2d 205) (1980), the requirement that the injury "arise out of" the employment implies a causal connection between the working conditions and the injury. *American Hardware Mut. Ins. Co. v. Burt*, 103 Ga. App. 811 (120 SE2d 797) (1961). Ordinarily, whether or not the occurrence arose out of and in the course of employment is a question of fact, and the Board's award, if supported by any evidence, is conclusive. *Utz v. Powell*, 160 Ga. App. 888 (288 SE2d 601) (1982); *Employers Mut. Liab. Ins. Co. v. Carlan*, 104 Ga. App. 170 (121 SE2d 316) (1961). Georgia courts have consistently held that injury to a covered employee resulting from "horseplay" in which the claimant was the instigator or a participant did not "arise out of" the employment, within the legislative purpose of the Act. *Street v. Douglas County Rd. Dept.*, 160 Ga. App. 559 (287 SE2d 586) (1981); *Givens v. Travelers Ins. Co.*, 71 Ga. App. 50 (30 SE2d 115) (1944); *Maddox v. Travelers Ins. Co.*, 39 Ga. App. 690 (148 SE 307) (1929).

In the instance involving appellees Gaylor and Hamm, the record makes it clear that there was ample evidence to cause the Board to make a determination of no coverage. Not having been appealed by either party, that decision stands. Thus finding himself excluded from workers' compensation coverage, appellee Gaylor, if he wished to pursue his claim and possibly recover for his injury, had no choice but to resort to his common-law tort remedy. He therefore filed an action for personal injuries in the appropriate legal tribunal, and the named defendants, in order to avoid a default judgment, had no choice but to enter defensive pleadings. Jay & Gene's called upon Universal to conduct its defense, and the issue thus arose as to whether Universal had a duty to defend its insured, Jay & Gene's, under the contract of insurance between them. It was at this point that Universal, stating that it was in uncertainty as to its "rights, status, and other legal relations," OCGA § 9-4-1, filed the action below, seeking a declaratory judgment.

Scrutiny of the record persuades us that, as appellees contend, no

declaratory judgment is required to inform Universal of its "status and other legal relations" with regard to a duty to defend *vel non* in the state court action. OCGA §§ 9-4-1; 9-4-2; *Fourth St. Baptist Church v. Bd. of Registrars*, 253 Ga. 368 (320 SE2d 543) (1984). By their respective terms, the GADA insuring agreement extended coverage only for injuries within the purview of the Workers' Compensation Act, while the Universal policy excluded occurrences within the parameters of that Act. Despite appellant's representation to the contrary, the language of Universal's policy expressly affords coverage for situations in which an employee of Jay & Gene's brings a personal injury action against a fellow employee. By defending in the workers' compensation proceedings, GADA discharged its obligation under its agreement with Jay & Gene's; and by the terms of the insurance policy issued by Universal to Jay & Gene's, the responsibility for defense of the tort action devolves upon appellant Universal.

2. As to Universal's contention that the trial court did not "consider" the GADA insuring agreement, we hold that it would have been both unnecessary and improper for it to do so. Universal was not in privity with GADA and had no fiduciary, contractual, or other relationship with GADA. The two insuring documents were totally separate and unrelated contracts. Having argued that it is not bound by the determination of the Board of Workers' Compensation because it was not a party to the prior proceedings before that body, Universal, in coming to this court for relief, finds itself, if not actually hoist by its own petard, at least in the ironic position of seeking to benefit from the very proceeding whose result it has vehemently disavowed.

We find no merit in either of appellant's enumerations of error. *Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED APRIL 9, 1987.

*Charles A. Wiley, Jr., Thomas E. Brennan*, for appellant.
*Thomas C. Holcomb*, for appellees.