**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 2, 2024**

# In the Court of Appeals of Georgia

A24A0361, A24A0362. HAYES v. KSP SERVICES, LLC et al.; and vice versa.

MARKLE, Judge.

These related appeals arise from an automobile accident involving William Hayes and Brian Gardner. At the time of the accident, Hayes was driving a vehicle owned by his employer, Waldrop's Lawn Care, and Gardner was driving a vehicle owned by his employer, KSP Services, LLC. The trial court granted Gardner and KSP's (collectively, "the Defendants") motion for summary judgment, concluding that Hayes was judicially estopped from bringing this negligence action due to representations made in the course of settling his workers' compensation claim against Waldrop. The trial court, however, denied the Defendants' request for sanctions, pursuant to OCGA § 9-11-37 ("Rule 37"), pertaining to their allegation that Hayes

intentionally failed to produce documents related to the settlement. In Case No. A24A0361, Hayes appeals from the trial court's grant of summary judgment, contending that the trial court misconstrued terms defined under the Workers' Compensation Act, OCGA § 34-9-1 et seq., in analyzing the settlement documents; and misapplied the judicial estoppel doctrine. In Case No. A24A0362, the Defendants contend the trial court abused its discretion in denying their request for Rule 37 sanctions. For the reasons that follow, we reverse the grant of summary judgment in Case No. A24A0361, but affirm the trial court's judgment in Case No. A24A0362.

> Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Our review of a trial court's grant of summary judgment is de novo, with all reasonable inferences construed in the light most favorable to the nonmoving party.

(Citation omitted.) *Wakefield v. Kiser*, 371 Ga. App. 113 (899 SE2d 757) (2024).

So viewed, the record shows that, at the time of the accident, Hayes was employed by Waldrop, and Gardner was employed by KSP. Hayes was stopped in traffic while driving Waldrop's vehicle, when Gardner, who was driving KSP's vehicle, rear-ended him. Hayes filed a workers' compensation claim against Waldrop,

and the parties entered into a "no liability" settlement, pursuant to OCGA § 34-9-15 (b).[1]

The stipulation of settlement memorialized Hayes's position that he "sustained a compensable injury" to his hips, legs, and back due to the accident, which arose out of and within the course of his employment; as well as Waldrop's rejection of Hayes's position. The stipulation further provided: "In order to avoid litigation in this matter, the parties hereto stipulate and agree that [Hayes] did not sustain an accident and injury while employed with [Waldrop] and that all compensation benefits should be denied." The State Board of Workers' Compensation ("the Board") approved the stipulation, as required by OCGA § 34-9-15 (b).

---

[1] OCGA § 34-9-15 (b) provides, in pertinent part:

The board shall be authorized to approve a stipulated settlement between the parties which concludes that there is no liability under this chapter and to retain jurisdiction to enforce any agreement which resolves, in whole or in part, a claim filed with the board. . . . When such settlement has been agreed upon and approved by the board, it shall constitute a complete and final disposition of all claims on account of the incident, injury, or injuries referred to therein[.]

A separate release provided that Waldrop would pay Hayes $45,000 upon the Board's denial of his claim per the stipulation. The release again referenced Hayes's allegation that he "sustained compensable injuries . . . arising out of and within the course of" his employment with Waldrop. And, it declared the parties' intention to release Waldrop "from any and all liability whatsoever arising out of the employment relationship between [it and Hayes] under the workers' compensation laws of the State of Georgia, as well as any other claim that might arise out of the alleged accident" in any action or forum. Upon the Board's approval of the stipulation, Waldrop paid Hayes in accordance with the release.[2]

Thereafter, Hayes filed the subject negligence action against KSP and Gardner. The Defendants moved for summary judgment, claiming that Hayes was judicially estopped from bringing the negligence action because, in resolving his prior workers' compensation claim, he stipulated that he had not been injured. The Defendants also moved for sanctions under Rule 37 based on Hayes's alleged attempt to conceal his workers' compensation settlement.

---

[2] Hayes's and Waldrop's handling of the stipulation and release appears to be standard practice in the field. See James B. Hiers, Jr., Robert R. Potter and Todd A. Brooks, Ga. Workers' Compensation Law and Practice, § 30:3 (2023); see also *O'Neal v. Cincinnati Ins. Co.*, 169 Ga. App. 483 (313 SE2d 501) (1984).

The trial court granted the Defendants' motion for summary judgment, concluding that Hayes was judicially estopped from bringing the present action as a result of his seemingly contradictory representations in his workers' compensation case. The trial court denied the Defendants' Rule 37 motion, finding that sanctions were not warranted. These appeals followed.

*Case No. A24A0361*

1. Hayes contends that the trial court erred in granting the Defendants' motion for summary judgment because it misapplied the judicial estoppel doctrine and misconstrued statutorily-defined terms in his workers' compensation settlement documents. We agree.

The trial court barred Hayes's negligence claims under the federal doctrine of judicial estoppel, which "precludes a party from asserting a position in one judicial proceeding after having successfully asserted a contrary position in a prior proceeding." (Citation omitted.) *D'Antignac v. Deere & Co.*, 342 Ga. App. 771, 773-774 (1) (804 SE2d 688) (2017); see also *Period Homes v. Wallick*, 275 Ga. 486, 488 (2) (569 SE2d 502) (2002).

> The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing

positions according to the exigencies of the moment. This equitable doctrine is invoked by a court at its discretion, and intended to prevent abuse of the judicial process. The circumstances under which it is appropriate are not reduced to any general formula or rule.

(Citations omitted.) *Period Homes*, 275 Ga. at 488 (2); see also *Greenlee v. Tideback*, 359 Ga. App. 295, 296-297 (2) (857 SE2d 276) (2021). We review a trial court's decision to apply the judicial estoppel doctrine for an abuse of discretion. *Greenlee*, 359 Ga. App. at 296 (2).

Broadly viewed, the question raised in this appeal is whether a "no liability" settlement between an employee and employer under the auspices of the Workers' Compensation Act bars the employee from then bringing tort claims arising out of the same accident against a third-party tortfeasor.[3] It does not.

The Act, itself, contemplates this very scenario, and provides, generally: "No employee shall be deprived of any right to bring an action against any third-party tort-

---

[3] Our Supreme Court has clarified that a settlement with an employer pursuant to OCGA § 34-9-15 (b) also bars claims against coworkers acting in their employment capacity. *Smith v. Ellis*, 291 Ga. 566, 573 (2) (e), 578 (3) (e) (731 SE2d 731) (2012); see also *Ridley v. Monroe*, 256 Ga. App. 686, 688-689 (569 SE2d 561) (2002). Here, there are no allegations that Gardner was Hayes's coworker or that KSP was affiliated with Waldrop.

feasor[.]"[4] OCGA § 34-9-11 (a); see also *Smith v. Ellis*, 291 Ga. 566, 573 (2) (e) (731 SE2d 731) (2012) ("Because Smith settled his workers' compensation injury claim against his employer under OCGA § 34-9-15 (b), he is barred from bringing an action on account of the same injury against anyone *except a third-party tortfeasor*, other than an employee of the same employer.") (citation and punctuation omitted; emphasis supplied). Similarly, OCGA § 34-9-11.1 provides: "When the injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability against some person other than the employer, the injured employee . . . may pursue the remedy by proper action in a court of competent jurisdiction against such other persons[.]" See also *Bush v. Liberty Mut. Ins. Co.*, 361 Ga. App. 475, 476 (A) (864 SE2d 657) (2021) ("When an employee is injured on the job, his recovery is normally limited to workers' compensation benefits. However, if a person other than his employer has legal liability for the employee's injury, the

---

[4] "Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. In fact, where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." (Citation omitted.) *Alli v. Ultra Group of Companies*, 366 Ga. App. 670, 672 ( 883 SE2d 888) (2023).

employee may bring suit against the third-party tortfeasor.") (citations omitted). As such, the applicable statutes expressly permit Hayes's negligence claims.

Moreover, the underlying purposes of the judicial estoppel doctrine are not met here. As we have explained,

> [t]he essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings.

(Citations and punctuation omitted.) *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651 (478 SE2d 629) (1996), disapproved of on other grounds by *Fulton County v. Ward-Poag*, 310 Ga. 289, 297-298 (2) (c) (849 SE2d 465) (2020). Because Hayes's negligence claims are permitted by law, as explained above, the integrity of the judicial system is not compromised. Additionally, the Act grants an employer a subrogation right against a remedy recovered from a third-party tortfeasor under certain

circumstances; thus, allaying any concerns regarding unfair advantage or double-dipping. OCGA § 34-9-11.1 (b), (c); see generally *Bush*, 361 Ga. App. at 476 (A).

Finally, the trial court construed the stipulation and release too broadly. Specifically, the trial court found: "In settling his workers' compensation claim, Plaintiff stipulated that he was not injured in the underlying accident and even asserted he was not involved in an accident while in the course and scope of his employment with Waldrop." To the contrary, both the stipulation and release expressly concede that Hayes alleged he sustained a "compensable injury" due to an accident in the course and scope of employment; and both provide that the relinquishment of his workers' compensation claims arising from that injury was solely for the purpose of settlement with Waldrop under the terms of the Act. See *CLS Entertainment v. Kenkam, LLC*, 370 Ga. App. 810, 815 (1) (899 SE2d 343) (2024) ("Where the language of a contract is plain and unambiguous, courts are not at liberty to ignore the specific terms of the parties' written agreement and rewrite or revise a contract under the guise of construing it.") (citation and punctuation omitted). Moreover, the term "injury" is narrowly defined by the Act. In the confines of a

workers' compensation claim, it "means only injury by accident arising out of and in the course of the employment[.]" OCGA § 34-9-1 (4).

Simply put, these documents do not serve as an admission that Hayes suffered *no* injury, nor can they be construed as a waiver of any claims arising from the accident against any party other than his employer. See *Smith*, 291 Ga. at 573 (2) (e); *Bush*, 361 Ga. App. at 476 (A); OCGA § 34-9-11 (a).

For all these reasons, the trial court erred in concluding the judicial estoppel doctrine precluded the present action, and we reverse its grant of summary judgment to the Defendants.

*Case No. A24A0362*

2. The Defendants argue that the trial court abused its discretion by denying their request for sanctions under OCGA § 9-11-37 because Hayes intentionally concealed the settlement documents addressed above. We disagree.

As we have explained,

[p]rovided proper discovery procedures are followed, when a party . . . after appropriate service fails to respond to document requests, a trial court may take any action delineated under OCGA § 9-11-37 (b) (2) (A)-(C). Among several other options, subsection (b) (2) (C) authorizes a

10

court to enter an order "dismissing the action or proceeding or any part thereof." OCGA § 9-11-37 (b) (2) (C). Moreover, an order compelling discovery is not a condition precedent for the imposition of sanctions under subsection (d). All that is required is a motion, notice, and a hearing.[5]

(Citations omitted.) *Taylor v. Marshall*, 321 Ga. App. 752, 753-754 (743 SE2d 444) (2013). Our standard of review recognizes a trial court's "broad discretion to control discovery, including the imposition of sanctions," and we do not disturb its judgment absent an abuse of discretion. (Citation omitted.) *Resurgens, P.C. v. Elliott*, 301 Ga. 589, 597 (2) (b) (800 SE2d 580) (2017).

Here, the Defendants alleged that Hayes deliberately concealed his workers' compensation settlement documents, and thus requested the trial court to strike the complaint and award their reasonable attorney fees in full. Even if we assume Hayes's

---

[5] The trial court did not hold a hearing in this instance, nor was it required to. See *McFarland & McFarland, P.C. v. Holtzclaw*, 293 Ga. App. 663, 664 (667 SE2d 874) (2008) ("[T]here is no requirement that a trial court hold a hearing on every motion for discovery sanctions. Rather, a trial court is obligated to hold a hearing on a motion for discovery sanctions only where it is contemplating the imposition of the ultimate sanction of dismissal or default judgment, for a party's wilful failure to comply with the trial court's discovery order. In such cases, the court must afford the party against whom the sanctions are sought notice and the opportunity for a hearing, thereby affording that party a chance to demonstrate that its conduct was not wilful.") (citations and punctuation omitted).

actions were sanctionable in this regard, and the trial court committed error by failing to so sanction him, the Defendants cannot show any such error was harmful. See *Alligood v. Piedmont Med. Care Corp.*, 369 Ga. App. 171, 172 (1) (892 SE2d 790) (2023) ("An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful.") (citation omitted); OCGA § 9-11-61 ("[N]o error or defect in any ruling or order or in anything done or omitted by the court . . . is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.").

The Defendants' sole claim of harm is based on their theory that Hayes and his counsel concealed the settlement documents to avoid preclusion under the judicial estoppel doctrine. In light of our ruling in Division 1, this claim of harm is unfounded, and the settlement documents are thus immaterial in this respect. See *Herrman v. Cohen*, 252 Ga. App. 84, 84-85 (1) (555 SE2d 17) (2001) ("Even assuming the court erred somehow in failing sua sponte to enforce its order compelling discovery, such failure would have been harmless as this information was immaterial under the circumstances of this case."); *Kerr v. Cohen*, 249 Ga. App. 392, 397 (2) (548 SE2d 17) (2001) (error, if any, was harmless where trial court failed to enforce its order

compelling discovery because the responses "were immaterial under the circumstances of this case"). Accordingly, we affirm the trial court's refusal to impose sanctions under Rule 37.

*Judgment affirmed in Case No. A24A0362. Miller, P. J., and Land, J., concur in judgment only. Judgment reversed in Case No. A24A0361. Miller, P. J., and Land, J., concur.*